UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Jose JUAN-LORENZO,
Petitioner,
v.
Todd BLANCHE, et al.,
Respondents.

Case No.: 26-cv-5968-AGS-JLB

**ORDER GRANTING MOTION FOR APPOINTED COUNSEL (ECF 3)**

In this immigration habeas case, petitioner moves for court-appointed counsel. That request is granted.

When "the interests of justice so require," courts may appoint an attorney for an "impoverished habeas petitioner." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). In this assessment, courts evaluate an indigent petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). First, the merits of petitioner's claims are somewhat hard to gauge. He asserts that he's been under a final order of removal "since August 2001." (ECF 1, at 2.) And he contends, confusingly, that "[m]ore than six months have passed since the apprehension of Petitioner by ICE" and that "Petitioner has remained in ICE custody continuously since 9-14-2026." (*Id.*) If petitioner has been held in custody for more than six months on a final order of removal, many courts have granted habeas relief on such facts. *See, e.g.*, *Rios Castillo v. Warden*, No. 1:26-cv-06531-DAD-AC, 2026 WL 2690376, at *1 (E.D. Cal. Sept. 14, 2026) ("Because petitioner's detention following his final removal order exceeds six month [and] respondent has not met their burden of demonstrating that there is a significant likelihood of removal in the reasonably foreseeable

future . . . the court will grant petitioner's petition for writ of habeas corpus."). This factor is at worst neutral and at best favors appointing counsel.

The second consideration—his ability to articulate his case effectively without counsel—points more decidedly toward granting this motion. The petition's ambiguity about the length of petitioner's custody suggests that he may need help making his case. In addition, the specific legal issue—a *Zadvydas* claim—is a complicated one, even in the context of immigration law, which is "second only to the Internal Revenue Code in complexity." *See United States v. Ahumada Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002) (quotation marks omitted); *see also Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020) ("Divining [the immigration laws'] meaning is ordinarily not for the faint of heart."). Thus, the Court concludes that assigned counsel is warranted.

The Court provisionally appoints Federal Defenders of San Diego, Inc., to initially determine if petitioner qualifies for representation by that organization. The Clerk must forward a copy of this order to Federal Defenders. By October 28, 2026, Federal Defenders must submit a notice to the Court concerning whether it can and will accept the appointment. If it does accept appointment, by that same date, Federal Defenders must also file any amended petition. The Court adopts the Standard Procedures from Chief Judge Order No. 144 for any such amended petition.

Dated: October 22, 2026

Hon. Andrew G. Schopler
United States District Judge